212

## In re Fischetti et ux.

*Frank Carano* and *Milton H. Kunken,* for petitioners.

*A. Miller*, for respondent.

SMITH, P. J., March 29, 1945.—This matter comes before the court on a petition of Antonio Fischetti and Magdalene, his wife, to show cause why the Recorder of Deeds of Philadelphia County should not be ordered to satisfy of record a lost mortgage on premises 2907 Island Avenue, Philadelphia.

On May 2, 1927, petitioners, as tenants by the entireties of the premises aforesaid, received a loan in the sum of $1,500 from the Just Rite Building & Loan Association, and thereupon made, executed, and delivered to the said association a second mortgage on the said premises. The mortgage was properly recorded in the office of the recorder of deeds. On February 17, 1930, the Secretary of Banking of the Commonwealth of Pennsylvania took possession of the assets of the said Just Rite Building & Loan Association and thereupon filed his certificate with this court. On June 2, 1930, the Secretary of Banking filed a petition with this court for leave to abandon certain "burdensome assets" of the Just Rite Building & Loan Association and to disclaim title thereto. The said mortgage loan on 2907 Island Avenue was one of the said burdensome assets and was so mentioned in the petition of the Secretary of Banking. On the same day this court handed down its decree, upon proof that the creditors and stockholders of the said association had been notified, granting the prayers of the said petition. At this time there were prior liens against the said property, 2907 Island Avenue and the aggregate amount of all liens at that time was in the sum of $4,800. The said property had been appraised at $3,200 and therefore the said loan secured by the mortgage appeared to be worthless. The accountants of the Banking Department marked off on their worksheets the said mortgage as abandoned. On May 12, 1938, the second and final account of the receiver of the said Just Rite Building & Loan Associa-

tion was approved by this court and the receiver and his sureties were discharged of record from all liability. In the account as filed, the said mortgage on 2907 Island Avenue was not listed as an asset of the association.

On November 27, 1944, Antonio Fischetti and Magdalene, his wife, filed this petition with the court to show cause why the recorder of deeds should not satisfy the said mortgage of record. The Secretary of Banking thereupon filed an answer on January 9, 1945, denying that said asset was abandoned and averring that as of January 12, 1945, the balance due by petitioners on account of said mortgage loan was in the sum of $2,-836. In new matter the Secretary of Banking averred that an investigation had revealed that premises 2907 Island Avenue had been condemned by the Commonwealth of Pennsylvania as of June 10, 1942, and that after a taking thereof there was a sum of $5,320 awarded to the Land Title Bank & Trust Company of Philadelphia for persons entitled to share in the said fund. The new matter further avers that there remains unpaid to the holders of the first mortgage on the said premises the sum of $412.20 with interest thereon from December 31, 1944, and that there is therefore available in the hands of the Land Title Bank & Trust Company the sum of $4,900, which is more than sufficient to pay off in full the said mortgage of petitioners, now in the sum of $2,836 with interest. The secretary therefore makes demand that the payment be made by the escrow agent to him.

This matter raises a question which apparently has never before been decided by our courts, and we believe that it should be decided upon equitable principles so as to prevent any unjust enrichment of petitioners. It is true that the petition of the receiver of June 2, 1930, asked leave to abandon this asset and to disclaim title thereto, and that the court granted the prayers of the said petition. It is also true that upon the filing of the second and final account of the receiver on May 12,

1938, he was discharged by the court. The question is, does the said secretary now have legal title to the said mortgage to give him the right to collect the funds in the hands of the escrow agent, or such part thereof that is due and payable to the Just Rite Building & Loan Association? We must also consider whether the Secretary of Banking may now prosecute a claim of a liquidated association more than three years after he has been discharged by the court.

The court seems to have jurisdiction to exercise its equitable powers. The Department of Banking Code of May 15, 1933, P. L. 565, sec. 709, par. 1, provides:

"The court in which the certificate of possession is filed shall sit as a court of equity. It shall have the power, upon petition of the secretary, to make and enforce any appropriate order to enable him, with the utmost dispatch, to discharge his duties in connection with the business and property of any institution of which he has taken possession, as receiver, pursuant to the provisions of this act."

We believe that in the original petition of the receiver he used the term "abandon" in its general sense. An examination of the Banking Code discloses that the secretary had no authority to abandon any property held by him as receiver which he deemed worthless. The Secretary of Banking may ask the court to disregard a negligible asset in his accounting and to reassign it to the association which he is liquidating for its creditors and stockholders. In section 715 of the Department of Banking Code of 1933, it is provided:

"The secretary may, with leave of court, surrender to the institution of which he is receiver any assets, including choses in action whether the subject of pending proceedings or not, which appear to be burdensome and of no advantage to the estate. He may likewise, with leave of court, convey title to any other holder of a mortgage or a lien against property in his possession, where it shall appear that to continue to hold such property is burdensome and of no advantage to the estate."

"Abandonment" has been defined as meaning to give up, to leave in control of another, to relinquish, to forsake entirely, or to surrender. In considering this expression with regard to the provisions of the said act of assembly, it would appear that the said Secretary of Banking meant to relinquish or surrender to the association.

In cases involving the abandonment of leased premises, the courts have said:

" 'An abandonment by the tenant of demised premises is such a relinquishment as amounts to an implied surrender, and justifies an immediate resumption of the possession by the landlord': McKinney v. Reader, 7 Watts 123": Girard Trust Co., Agent, v. Tremblay Motor Co. et al., 291 Pa. 507, 524.

It also appears that where the facts are agreed upon the question of abandonment is one of law which may be determined by the courts: Girard Trust Co., Agent, v. Tremblay Motor Co. et al., supra.

It would thus appear that, at the time of filing the second and final account, the records disclose the fact that this particular mortgage loan appeared worthless. The decision of the Secretary of Banking to abandon, check off, or surrender to the association the said mortgage as an asset of the association is surely not for the benefit of this petitioner as mortgagor. The sole purpose was a practical one to expedite the liquidation of the assets of the building and loan association. It was not done for the benefit of petitioners. While it was perchance what appeared to be a worthless asset, nevertheless it was still an evidence of an obligation and, even though disregarded by the Secretary of Banking, by his action it reverted to the Just Rite Building & Loan Association. When the receiver filed his second and final account and was discharged by the court, his civil liability to the association and its creditors was then ended and there was a legal presumption that he no longer retained any of the assets of the association.

The decree of this court signed by Lamberton, J., as of May 12, 1938, states:

"And upon distribution in accordance with the adjudication the receiver, deputy receiver and their sureties are discharged from all liability in accordance with the Banking Act of 1923, P. L. 809, sec. 47, as amended by the Act of May 5, 1927, P. L. 762, sec. 21."

The said section 21 of the Act of May 5, 1927, P. L. 762, provides:

"The confirmation of a final account and distribution thereunder . . . shall be conclusive; and shall work and effect a discharge of the secretary and all deputies or their sureties, from all liability in the matter; and the secretary or his successor, except as hereinafter provided in section fifty of this act, is authorized and empowered to destroy all records belonging to the corporation or person in his possession at the expiration of seven years from the date of the absolute confirmation of the final account of the secretary."

Section 50 of The Banking Act of June 15, 1923, P. L. 809, provides for the distribution of any balance of the assets of an association after the filing and confirmation of the final account of the Secretary of Banking and a meeting of the stockholders of the association for the purpose of liquidating the association. It provides that if the stockholders fail to elect a trustee so to do, the Secretary of Banking may petition the court for the appointment of said trustee and when he is elected or appointed the secretary shall turn over to him all of the assets of the corporation then remaining in his hands and be discharged from liability to the corporation and his creditors. Section 50 also provides:

"No powers subject to the supervision of the department shall thereafter be exercised by such corporation, except by permission of the secretary, and after compliance by such corporation with all the requirements of law as to a new corporation desiring to exercise such powers."

From the testimony and pleadings it would appear that section 50 aforesaid has never been complied with. The charter of this corporation has never been terminated by a certificate of forfeiture as is provided in subsection (b) of section 1204 of the Building and Loan Code of May 5, 1933, P. L. 457. Subsection (c) of said section 1204 also provides:

"If the articles of incorporation of an association have been forfeited in the manner provided by this section, the corporate powers may, whenever necessary to effect the liquidation and winding up of the business and property of such association, continue for a period of three years, but they shall not be considered in existence for any other purposes whatsoever."

The Secretary of Banking has not acted to forfeit the charter of this association and while the association is still dormant, with apparently no other tangible assets, excepting the one in question, nevertheless it does hold that certain asset. It is clear that in equity and good conscience the association does not hold this asset for or in behalf of petitioners. The asset, if it belongs to anyone, still belongs to the creditors of the association and may be regarded as an after-discovered asset. Since there is no provision in the code for the distribution of this asset, it seems equitable and proper to grant leave to the Secretary of Banking to file a new certificate of possession in accordance with the provisions of the Department of Banking Code of 1933.

### Order

And now, to wit, March 29, 1945, the petition of Antonio and Magdalene Fischetti is refused and leave is granted to the Secretary of Banking of the Commonwealth of Pennsylvania to file a new certificate of possession of the Just Rite Building & Loan Association, in accordance with the provisions of the Department of Banking Code of 1933.